UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CHRISTIE SCHNEIDER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:08CV1721 HEA |
| BJC HEALTHCARE SYSTEM, et al., | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss or, in the Alternative, for More Definite Statement, [Doc. No. 24]. Plaintiff has not responded to the motion. For the reasons set forth below, the Motion is granted.

On February 10, 2009, this Court granted Defendant's Motion for More Definite Statement. The Court Ordered Plaintiff to file an amended complaint within ten days from the date of the Order which would set forth the factual allegations identifying which Defendant took what action and would set forth the legal theories upon which Plaintiff relies for this action.

On February 23, 2009, Plaintiff filed a Motion for an Extension of Time to file the Amended Complaint until the Court appointed her an attorney. The Court had previously denied Plaintiff's request for counsel, which denial was not changed. This Court again ordered the filing of an Amended Complaint within five days from

the date of the February 26, 2009 Order. Plaintiff filed an Amended Complaint eight days later. The Amended Complaint adds another defendant, and is eighteen pages longer than the original Complaint. Defendants have now filed this motion to dismiss or in the alternative again, for a more definite statement.

## **Standard of Review**

The purpose of a motion to dismiss is to test the sufficiency of the complaint. The Supreme Court has recently determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* 550 U.S.544, 563 (2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly,*. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 556. This

standard of review has been utilized by the Eighth Circuit Court of Appeals. The Court accepts "as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted).

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Twombly*, 544 U.S. at 555. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997). Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006).

## **Discussion**

Defendants initially argue that the Amended Complaint should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to comply with the Court's February 10, 2009 and February 26, 2009 Orders. Considering that Plaintiff is proceeding *pro se*, the Court will not dismiss the action at this juncture for Plaintiff's untimely filings. The Plaintiff is, however, admonished that the Court's leniency will not extend to future untimeliness. The very structure of the court system is premised on the expeditious resolution of lawsuits and a party's disregard of time restraints not only hinders this structure, but tends to lessen the faith in and sanctity of the court system itself.

With respect to the Motion as it relates to the failure to state a claim, the Court agrees with Defendants that the Amended Complaint suffers from the same shortcomings as did the original Complaint. The Amended Complaint fails to identify which allegations and legal theories relate to each Defendant. Plaintiff repeatedly lumps all Defendants together, without identifying which allegations apply to which Defendant.

Moreover, Plaintiff has included in her Amended Complaint various statues which do not apply to her. Plaintiff's Amended Complaint lists, for her claims, Title VII of the Civil Rights Act of 19634, (Title VII), 42 U.S.C. § 2000e; the Americans With Disabilities Act, (ADA), 42 U.S.C. § 12101; the civil Rights Act of 1991, 42 U.S.C. §§ 1981-1988; the Missouri Human Rights Act, (MHRA); the Federal

Services Contract Act (FSCA); the Whistle Blowers' Protection Act (WPA); the Missouri Workers' Compensation Act (Workers' Comp Act); the public policy exception to Missouri's employment at will doctrine; and her equal protection and substantive due process rights.

Section 1981 provides, in relevant part,:

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C.A. § 1981.

Section 1982, likewise, provides:

All citizens of the United States shall have the same right, in every
State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

42 U.S.C.A. § 1982.

Defendants correctly argue that Sections 1981 and 1982 clearly do not apply to Plaintiff, as she admits in her Amended Complaint that she is white.

Section 1983 applies only to state actors; there are no allegations contained in the Amended Complaint that any of the Defendants are in fact "state actors."

> Section 1983 creates a cause of action against a person acting "under color of any statute ... of any State" who deprives another of a federally protected right. 42 U.S.C. § 1983. "Only state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.,* 266 F.3d 851, 855 (8th Cir.2001). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.' " *Americans United for Separation of Church and State v. Prison Fellowship Ministries, Inc.,* 509 F.3d 406, 421 (8th Cir.2007), *quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). To be liable under § 1983, the claimed deprivation must result from "the exercise of a right or privilege having its source in state authority," and the party charged with the deprivation must be one "appropriately characterized as [a] state actor[ ]." *Wickersham v. City of Columbia,* 481 F.3d 591, 597 (8th Cir.2007), *cert. denied,* --- U.S. ----, 128 S.Ct. 387, 169 L.Ed.2d 263 (2007), *quoting Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

*Carlson v. Roetzel & Andress,* 552 F.3d 648, 650 (8th Cir. 2008).

Likewise, Plaintiff's Section 1985 claim fails since it prohibits conspiracies to interfere with a person's civil rights and to deny them equal protection. The allegations in the Amended Complaint merely claim actions taken by a single business, BJC, and its agents and employees. This is insufficient to state a conspiracy claim. A corporation and its agents are considered a single person in the eyes of the law and a corporation cannot conspire with itself. *Cross v. General*

*Motors, Corp*, 721 F.2d 1152, 1156 (8th Cir. 1984); *Barstad v. Murray County*, 420 F.3d 880, 887, (8th Cir. 2005).

With respect to Plaintiff's reference to the discrimination statutes, (Title VII, the ADA and the MHRA), the Amended Complaint is devoid of any allegations even hinting at any discriminatory acts on the part of Defendants. These claims, therefore fail to state any cause of action against them.

While Plaintiff includes the FSCA, the WPA and the Missouri Workers' Compensation Act among her myriad of statutes, she has failed to allege any allegations giving rise to a claim. As Defendants correctly observe, the FSCA does not provide for a private cause of action, *Lee v. Flight Safety Services*, 20 F.3d 428, 431 (11th Cir. 1994); the WPA only applies to federal employees, 5 U.S.C. § 1213, and the Labor and Industrial Relations Commission has the exclusive jurisdiction to determine whether an employee's injuries occurred as a result of the employee's employment. *Hannah v. Mallinckrodt, Inc.*, 633 S.W.2d 723 (Mo. Banc 1982).

Plaintiff also states that this action is brought under the public policy exception to the Missouri at will employment doctrine. Plaintiff, however, has not stated any recognizable basis for this claim. Plaintiff has not alleged that she was discharged for failing to perform an illegal act or an act contrary to a strong mandate of public policy; that she was discharged for reporting wrong-doing, or violations of law or public policy; or acting in a manner public policy would encourage.

*Sivigliano v. Hurrah's North Kansas City Corp.*, 188 S.W.3d 46, 48 (Mo.App. 2006).

### **Conclusion**

Defendants' Motion is well taken. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the Complaint must contain a short and plain statement of the Court's jurisdiction and the claims Plaintiff is making such that Defendants may formulate a response thereto. As discussed herein, Plaintiff's Amended Complaint fall glaringly short of satisfying the requirements of Rule 8. The Amended Complaint is confusing to say the least and it fails to even remotely state claims against these Defendants. Plaintiff has been given the opportunity to amend her original complaint because of her failure to state cognizable claims. This attempt had been an obvious exercise in futility. Plaintiff will be given an additional opportunity to cure these inaccuracies, however, the Court will strictly adhere to the time limitations set forth herein.

Plaintiff, should file a Second Amended Complaint in which she includes a short plain statement of the grounds upon which jurisdiction depends, and which sets forth the factual allegations which relate to each Defendant and sets forth Plaintiff's legal theories as these apply to each Defendant. The Second Amended Complaint shall be filed within 10 days of this Order. Failure to file a Second

Amended Complaint within this time frame will result in dismissal of this action without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 24], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a Second Amended Complaint within 10 days from the date of this Order in compliance with the Court's directives listed herein. Failure to file the Amended Complaint within 10 days from the date of this Order will result in dismissal of this action without further notice, pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Dated this 1st day of May, 2009.

                                              */s/ Henry Edward Autrey*
                                      HENRY EDWARD AUTREY
                                     UNITED STATES DISTRICT JUDGE